**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD HORNER; CONNIE BRITT; ANDY HORNER; CHERYL HORNER, <br><br> Plaintiffs - Appellants, <br><br> And <br><br> LARADA HORNER, <br><br> Plaintiff, <br><br> v. <br><br> KEYSTONE AMERICA INC., DBA Jones and Lewis Clear Lake Memorial Chapel, <br><br> Defendant - Appellee. | No. 09-17654 <br><br> D.C. No. 4:07-cv-03441-WDB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Timothy J. Bommer, Magistrate Judge, Presiding

Argued and Submitted April 13, 2011
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ and RAWLINSON, Circuit Judges, and WELLS, Senior District Judge.[**]

In this diversity action, Harold Horner, Connie Britt, Andy Horner and Cheryl Horner (the Horners) filed a complaint for breach of contract and professional negligence based on Keystone's failure to provide dignified funeral services. The Horners now appeal the district court's order denying the Horners' motion for attorneys' fees, and its order denying leave to file a motion for reconsideration.

1.      The language of Keystone's attorney fee clause is clear and explicit; each party is responsible for its own attorney's fees, whether the dispute concerns the collection of fees or any other issue regarding the agreement. The contract provision specifically differentiated between costs and attorney's fees, and provided that each party would pay its own attorney's fees.

2.      The district court did not abuse its discretion when it denied the Horners' Motion for Leave to File for Reconsideration. *See* Northern District of California

---

[**]      The Honorable Lesley Wells, Senior District Judge for the United States District Court for Northern Ohio, sitting by designation.

2

Civil Local Rule 7-9(a) (requiring a party to obtain leave of the court before filing a motion for reconsideration). The party filing for leave to file a motion for reconsideration must show: 1) newly discovered evidence, 2) clear error, or 3) an intervening change in controlling law. *See id.* at 7-9(b); *see also United Nat'l Insurance Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The Horners presented no proof of any of these.

**AFFIRMED.**